UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRIAN MENDEZ-CONCEPCION					Plaintiff

v.								Civil Action No. 3:24-cv-240-RGJ

AIM TRANSPORTATION, LLC					Defendants
AHMED OSMAN

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Proposed Intervenor Kentucky Employers Mutual Insurance ("KEMI") moves to intervene in the above-captioned case.[1] None of the other parties oppose the motion. For the reasons below, the motion to intervene is **GRANTED.**

**I.     BACKGROUND**

Plaintiff was involved in a motor vehicle collision with a semi-truck near the intersection of Highway 383 South and Interstate I-71 North in Buckner, Kentucky.  [DE 1-2 at 13]. Plaintiff filed suit in Oldham County Circuit Court against the driver of the truck, Ahmed Osman, and AIM Transportation, LLC for negligence, respondeat superior, vicarious liability, negligent hiring and retention, negligent training, and negligent supervision. [DE 1-2]. KEMI moved to intervene in the action. [DE 1-2 at 81].  A few days later, the case was removed to federal court before the motion to intervene was ruled on. [DE 1].   Neither Plaintiff nor Defendants responded to the motion in the state court or in the record since removal.

---

[1] KEMI moved to intervene before removal while this action was pending the state court.

1

## II. MOTION TO INTERVENE

KEMI moves to intervene as a matter of right. KEMI asserts in the proposed intervening complaint that it was the workers compensation carrier for Plaintiff's employer at the time of the accident and that it is subrogated to the right of Plaintiff against the Defendant per KRS 342.700. [DE 1-2 at 85-86]. Because the motion was filed in state court, it cites CR 24.01. The equivalent federal rule for intervention as a matter of right is Federal Rule of Civil Procedure 24(a).

### A. Standard of Review

Under Rule 24(a), the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest." Fed. R. Civ. P. 24(a)(2). To satisfy this rule, the Sixth Circuit requires an applicant show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 2011)). Each element is mandatory, so a failure to satisfy any element will defeat intervention. *Id.*

### B. Analysis

#### i. Timeliness of Application

The timeliness factor encompasses five sub-factors: "(1) the stage of the proceedings; (2) the purpose of intervention; (3) the length of time that the movant knew or should've known of its interest in the case; (4) the prejudice to the original parties; and (5) any unusual circumstances

2

militating for or against intervention." *United States v. Michigan*, 68 F.4th 1021, 1024–25 (6th Cir. 2023).

As to timeliness, KEMI moved to intervene within six weeks of the action being initiated. The motion was filed before the parties conducted a Rule 16 conference or any substantial discovery (some discovery was exchanged pre-removal). KEMI promptly asserted its right, rather than taking a "wait-and-see approach." *Michigan,* 68 F.4th at 1024–25. KEMI has a legitimate purpose granted by Kentucky statute and no prejudice has been presented by the original parties. Thus, the element of timeliness is satisfied.

### ii. Substantial Legal Interest

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted); *see also Bradley v. Millike*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally.").

KEMI seeks to recover damages through this case as a subrogee. KRS 342.700 authorizes, among other things, an insurer who has paid workers' compensation to "recover in . . . its own name or that of the injured employee from the other person in whom legal liability for damages exists[.]" § KRS 342.700(1).  As a result, KEMI has a substantial legal interest in the subject matter of the case.

### iii. Ability to Protect Legal Interest Without Intervention

KRS § 411.188(2) states that "a failure to assert subrogation rights by intervention . . . will result in a loss of those rights." District courts have held that this satisfies the third element necessary for intervening. *See, e.g., Marquez-Warner v. Campus Crest at Louisville, LLC*, 2018 WL 11446385, at *2 (W.D. Ky. 2018); *Lemaster v. Taylor Indus., LLC,* 2011 WL 1577808, at *1–

2 (E.D. Ky. 2011). As a result, absent intervening, KEMI could lose its subrogation rights and its ability to protect its legal interest.

### iv. Inadequate Representation

The burden of establishing that an intervenor's interest is not adequately protected by the existing party "is minimal" as the movant need only show representation may be inadequate, not that it will be inadequate. *Linton by Arnold v. Comm'r of Health and Env't, State of Tenn.*, 973 F.2d 1311, 1319 (6th Cir. 1992); *see Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1247 (6th Cir. 1997). "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

Plaintiff's interests and KEMI's interests are different. "[KEMI] simply wants compensation for what it has and will have to pay as an insurer; the plaintiff hopes to maximize his recovery for his injuries." *Lemaster*, 2011 WL 1577808, at *2. Thus, Plaintiff cannot be expected to adequately protect KEMI's interest.

Because the Court finds that KEMI has satisfied all four factors required by Federal Rule of Civil Procedure 24(a), KEMI's Motion to Intervene is **GRANTED**.[2]

### III. CONCLUSION

The Court being otherwise sufficiently advised, **IT IS ORDERED** that Kentucky Employers Mutual Insurance's motion to intervene is **GRANTED**.

---

[2] Even if KEMI could not intervene as of right under Rule 24(a)(2), it could permissively intervene under Rule 24(b)(2). KEMI does not raise permissive intervention in its motion, but a party may permissively intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(2). That requirement is met here, as the similarities between Plaintiff's complaint and KEMI's proposed intervening complaint demonstrate. Cf. *Lemaster*, 2011 WL 1577808, at *2 (subrogee who satisfies Rule 24(a)(2) also entitled, in the alternative, to intervene under Rule 24(b)(2)); *Marquez-Warner*, 2018 WL 11446385, at *3 (same).

Rebecca Grady Jennings, District Judge
United States District Court

June 12, 2024

5